# UNITED STATES DISTRICT COURT
## for the
### Southern District of California

FILED
AUG 3 0 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 18MJ4690
white Azumi cellular telephone )
Serial No. RDL2Z1710042977 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference

located in the ____Southern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Section 1324 | Alien Smuggling |

The application is based on these facts:

See attached Affidavit of Officer Victor Renteria, U.S. Customs and Border Protection

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Off. Victor Renteria, U.S. Customs and Border Protection
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 30, 2018

_____
*Judge's signature*

City and state: San Diego, CA

Hon. Clinton E. Averitte, United States Magistrate Judge
*Printed name and title*

ATTACHMENT A
PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 8, United States Code Section 1324, is described below:

(1) **white Azumi cellular telephone**
Serial No. RDL2Z1710042977



currently in the possession of U.S. Customs and Border Protection, located at 720 E. San Ysidro Blvd, San Ysidro, California 92173.

## ATTACHMENT B
## ITEMS TO BE SEIZED

Authorization to search the cellular telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. The seizure and search of the cellular telephone will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data such as emails, text messages, photographs, audio files, videos, and location data, for the period of March 27, 2018 to April 27, 2018:

a. tending to indicate efforts to smuggle undocumented aliens from Mexico to the United States or smuggle undocumented aliens further into the interior of the United States;

b. tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, phone numbers that may contain electronic evidence tending to indicate efforts to smuggle undocumented aliens from Mexico to the United States or smuggle undocumented aliens further into the interior of the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in smuggling illegal aliens from Mexico to the United States or smuggling undocumented aliens further into the interior of the United States;

d. tending to identify travel to or presence at locations involved in smuggling undocumented aliens from Mexico to the United States or smuggling undocumented aliens further into the interior of the United States, such as stash houses, load houses, or delivery points;

e. tending to identify illicit proceeds, cash, checks, wires, bank accounts, financial records, financial transactions, ledgers, or other information related to proceeds derived from smuggling undocumented aliens from

        Mexico to the United States or smuggling undocumented aliens further into the interior of the United States;

    f.    tending to identify the user of, or persons with control over or access to, the subject phone; or

    g.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above;

**which are evidence of violations of Title 8, United States Code, Section 1324.**

The seizure and search of the cellular phone(s) shall follow the procedures outlined in the supporting affidavit. Deleted data, remnant data, slack space, and temporary and permanent files on the cellular phone(s) may be searched for the evidence above.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Victor Renteria, having been duly sworn, do hereby state that the following is true to my knowledge and belief:

## INTRODUCTION

1. I make this affidavit in support of an application for a warrant to search the following electronic device, as further described in Attachment A (incorporated herein by reference):

    (1)    white Azumi cellular telephone
            Serial No. RDL2Z1710042977
           **("Target Telephone")**

This search supports an investigation and prosecution of Jesse Brandon PHILLIPS ("PHILLIPS") for the crimes mentioned below. A factual explanation supporting probable cause follows.

2. Officers with U.S. Customs and Border Protection (CBP) seized the **Target Telephone** from PHILLIPS on April 27, 2018, when he was arrested at the border at the San Ysidro, California, Port of Entry in violation of Title 8, United States Code, Section 1324 (alien smuggling). The **Target Telephone** is currently in the possession of CBP, located at 720 E. San Ysidro Blvd, San Ysidro, California 92173.

3. Based on the information below, there is probable cause to believe that a search of the **Target Telephone** will produce evidence of the aforementioned crime, as more particularly described in Attachment B (incorporated herein by reference).

4. The information contained in this affidavit is based upon my experience and training, and consultation with other federal, state, and local law enforcement agents. Because this affidavit is submitted for the limited purpose of obtaining a search warrant, it does not set forth every fact known by me or others regarding this investigation, but only contains those facts believed to be necessary to establish probable cause. Dates, times and amounts are approximations unless otherwise noted.

//
//

### A. TRAINING AND EXPERIENCE

5. I am an Officer with United States Customs and Border Protection (CBP) within the Department of Homeland Security. I have been a CBP officer since 2004, having completed the CBP Officer academy at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. My primary responsibilities have included investigating crimes that are committed at Ports of Entry, including attempted illegal re-entry (8 U.S.C. § 1326); alien smuggling (8 U.S.C. § 1324), and importation of controlled substances (21 U.S.C. § 952). I have received specialized Immigrations and Customs training, including interview techniques, processing expedited removals, and the issuance of immigration documents.

6. I am a federal law enforcement officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am authorized under Rule 41(a) to make applications for search and seizure warrants and to serve arrest warrants. I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

7. As a CBP Enforcement Officer, I have investigated a number of cases involving aliens illegally attempting to enter and/or illegally entering the United States. The investigations into these cases have included the issuance of arrest warrants, search warrants, seizure warrants, and/or indictments. These investigations have focused on the individuals attempting to enter the United States illegally and the drivers and guides who assist them. I have investigated cases involving the illegal entry of unlawful aliens into the United States, the smuggling of unlawful aliens into the United States, the transportation and harboring of unlawful aliens within the United States and the utilization of illegally obtained, counterfeit, or altered immigration documents to gain entry into the United States. I have also interviewed defendants and witnesses regarding their involvement in alien smuggling offenses. Through my observations, training, and these interviews, I have gained a working knowledge and insight into the normal operational habits of alien smugglers, with

*Affidavit in Support of Search Warrant* 2

particular emphasis on those who attempt to smuggle unlawful aliens into the United States from Mexico at the San Diego international ports of entry.

8. In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of alien smuggling investigations, and the opinions stated below are shared by them. Further, I have personal knowledge of the following facts, or have had them related to me by persons mentioned in this affidavit.

9. Based upon my training and experience, and consultations with law enforcement officers experienced in alien smuggling investigations, I know that persons engaged in alien smuggling activities tend to use cellular telephones for communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data, for the following:

    a. Alien smugglers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.

    b. Alien smugglers will use cellular telephones because they are able to actively monitor the progress of the aliens while they are in transit.

    c. Alien smugglers and their accomplices will use cellular telephones because they can easily arrange and/or determine what time the aliens will arrive at predetermined locations.

    d. Alien smugglers will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of the aliens.

    e. Alien smugglers will use cellular telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings.

    f. Alien smugglers and their co-conspirators often use cellular telephones to communicate with load drivers who transport the aliens.

  g. Conspiracies involving alien smuggling often generate many types of evidence including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel and payment, names, photographs, text messages, and phone numbers of co-conspirators.

10. Subscriber Identity Module (SIM) Cards, also known as subscriber identity modules, are smart cards that store data for cellular telephone subscribers. Such data includes user identity, location and phone number, network authorization data, personal security keys, contact lists and stored text messages. Much of the evidence generated by a smuggler's use of a cellular telephone would likely be stored on any SIM Card that has been utilized in connection with that telephone.

11. Based upon my training and experience as a CBP Enforcement Officer, and consultations with law enforcement officers experienced in smuggling investigations, and all the facts and opinions set forth in this affidavit, I have learned that cellular/mobile telephones often contain electronic records, phone logs and contacts, voice and text communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone. Specifically, based upon my training and education, I have learned that searches of cellular/mobile telephones associated with smuggling investigations yield evidence:

  a. tending to indicate efforts to smuggle undocumented aliens from Mexico to the United States or smuggle undocumented aliens further into the interior of the United States;

  b. tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, phone numbers that may contain electronic evidence tending to indicate efforts to smuggle

*Affidavit in Support of Search Warrant*     4

      undocumented aliens from Mexico to the United States or smuggle undocumented aliens further into the interior of the United States;

  c.  tending to identify co-conspirators, criminal associates, or others involved in smuggling illegal aliens from Mexico to the United States or smuggling undocumented aliens further into the interior of the United States;

  d.  tending to identify travel to or presence at locations involved in smuggling undocumented aliens from Mexico to the United States or smuggling undocumented aliens further into the interior of the United States, such as stash houses, load houses, or delivery points;

  e.  tending to identify illicit proceeds, cash, checks, wires, bank accounts, financial records, financial transactions, ledgers, or other information related to proceeds derived from smuggling undocumented aliens from Mexico to the United States or smuggling undocumented aliens further into the interior of the United States;

  f.  tending to identify the user of, or persons with control over or access to, the subject phone; or

  g.  tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

## PROBABLE CAUSE

12. On April 27, 2018, at approximately 1:49 a.m., PHILLIPS applied for entry into the United States from Mexico through the San Ysidro, California, Port of Entry as the driver and sole visible occupant of a 2002 Chevrolet Avalanche. Later investigation revealed that the truck is registered to James Cloyd Jacobson. While being inspected by the U.S. CBP officer at the primary booth, PHILLIPS provided his Florida Identification Card and stated he was heading to San Diego and that he had nothing to declare. PHILLIPS and the vehicle were referred to secondary inspection.

*Affidavit in Support of Search Warrant*        5

13. As the vehicle was screened through the Z-portal (x-ray) machine in secondary inspection, CBP officers noticed anomalies in the truck-bed area of the vehicle. CBP officers responded and inspected the truck-bed (which was covered) and found human beings hiding inside.

14. The five individuals (material witnesses) were removed from the vehicle. They all stated that they were citizens of Mexico without any documents that would allow them to enter or remain in the United States lawfully.

15. PHILLIPS was placed under arrest and CBP officers seized the **Target Telephone**.[1] The material witnesses were shown a photographic lineup (6-pack) and were unable to identify PHILLIPS. PHILLIPS denied knowledge of the aliens in the truck, and claimed he had been in Mexico to gamble. PHILLIPS pleaded not guilty to an alien smuggling offense and awaits trial on September 4, 2018 in case S.D. Cal. Crim. Case No. 18cr2712-DMS.

16. Based upon my experience and investigation in this case, I believe that PHILLIPS is involved in alien smuggling activities. Based upon my experience training and in consultation with other law enforcement officers experienced in alien smuggling

---

[1] The officers do not recall if the **Target Telephone** was seized from PHILLIPS' person or the vehicle. On April 27, 2018, CBP officers manually reviewed the contents of the **Target Telephone** at the border. Nothing from the manual review is offered to support probable cause in this application.

On August 16, 2018, an officer with CBP turned on the **Target Telephone** and retrieved three telephone numbers as part of the ongoing investigation. Unanswered calls were placed to all three numbers. Nothing from that search is used to support probable cause in this application.

On August 22, 2018, PHILLIPS' attorneys conducted an evidence viewing at the United States Attorney's Office. Counsel for PHILLIPS, along with an investigator, had an opportunity to manually review the **Target Telephone**. Nothing from that review is used to support probable cause.

I also declare that nothing from the prior searches of the **Target Telephone** informs my decision to submit this affidavit to obtain a search warrant for the **Target Telephone**. The case is headed to trial and, as we ordinarily do in trial-bound cases, seek to obtain additional evidence to support the charge. I seek this affidavit independent of any information that was seen or reviewed (or not seen) in prior searches.

*Affidavit in Support of Search Warrant*      6

investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the alien smuggling activities of PHILLIPS, such as telephone numbers, made and received calls, contact names, electronic mail (e-mail) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of **Target Telephone**.

17. Finally, alien smuggling conspiracies require detailed and intricate planning to successfully evade detection by law enforcement. In my professional training and experience, this requires planning and coordination in the days and weeks and often months prior to the event. Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine the whereabouts of their valuable cargo. Based on my training and experience, individuals such as PHILLIPS will attempt to minimize the amount of time they were involved in their smuggling activities and often times are actually involved for weeks and months longer than they claimed to be involved. Given those facts, I respectfully request permission to search **Target Telephone** for data beginning on March 27, 2018, up to and including April 27, 2018.

## **METHODOLOGY**

18. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive

equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

19. Following the issuance of this warrant, I will collect the **Target Telephone** and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

20. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

21. Based on all of the facts and circumstances described above, my training and experience, and consultations with other law enforcement officers, there is probable cause to conclude that PHILLIPS utilized the **Target Telephone** to facilitate violations of Title 8, United States Code, Section 1324.

22. Because the **Target Telephone** was promptly seized during the investigation of PHILLIPS' smuggling activities and has been securely stored since it was seized, there is probable cause to believe that evidence of illegal activities committed by PHILLIPS continues to exist on the **Target Telephone**. As stated above, I believe that the appropriate date range for this search is from March 27, 2018, up to and including April 27, 2018.

23. Therefore, I respectfully request the Court issue a warrant authorizing me, an Officer with CBP, or another federal law enforcement Agent specially trained in digital evidence recovery, to search the **Target Telephone**, as described in Attachment A, and seize the items listed in Attachment B, using the methodology described above.

I swear the foregoing is true and correct to the best of my knowledge and belief.

VICTOR RENTERIA, OFFICER
U.S. Customs and Border Protection

Subscribed and sworn to before me on this _____ day of August, 2018.

HON. CLINTON E. AVERITTE
United States Magistrate Judge

*Affidavit in Support of Search Warrant*      9